GASKILL *v.* WEEKS.

154   223
s156   668

1. EXECUTORS AND ADMINISTRATORS — ACCOUNTING — INTEREST IN FIRM.

On a bill against executors for an accounting, evidence examined, and *held*, that complainants' contention that the executors should be charged with what they recived at the inventory figures was not supported, defendants having administered the estate, consisting in part of an interest in a mercantile firm in which one of the executors was also a partner, with care and economy, and having accounted for all the property which came into their hands.

2. PARTNERSHIP—DISSOLUTION — DEATH OF PARTNER — RIGHTS OF SURVIVOR.

On the death of a partner the surviving partner is entitled by law to continue the business and to use his best judgment in winding it up.

3. EXECUTORS AND ADMINISTRATORS — ALLOWANCE FOR SERVICES.

Where a surviving partner was his deceased partner's executor, and continued the business, using the deceased partner's property without interest, and drew a salary while managing the business, its share of which and the other expenses of conducting the business the interest of the deceased partner paid, he was not entitled to a further allowance for his services as executor, which were perfunctory.

4. WILLS—CONSTRUCTION—PERSONS ENTITLED—CHILDREN.

Under a clause in a will directing that the residue of testator's estate shall be divided "between all the children of my brothers and sisters and W. then living, share and share alike, and in case any of said children shall die leaving issue living at the time of the distribution of my estate such issue shall take the share of their deceased parent," the children of W. share equally with the children of the brothers and sisters, and on like terms with them.

Appeal from Jackson; Parkinson, J. Submitted April 16, 1908. (Docket No. 92.) Decided September 15, 1908.

Bill by Mary H. Gaskill and others against Eugene J.

Weeks, Charles C. Bloomfield, and Thomas A. Wilson, executors of the last will and testament of Chester Warriner, deceased, and others, for an accounting, and for a construction of said will. From a decree for defendants, complainants appeal. Modified and affirmed.

*D. P. Sagendorph*, for complainants.

*Wilson & Cobb*, for defendants.

MCALVAY, J. The bill of complaint in this cause was filed for an accounting, and for construction of the will of Chester Warriner, deceased. Complainants are the surviving heirs of deceased, entitled under his will to share in the distribution of his estate. The principal defendants, Eugene J. Weeks, Charles C. Bloomfield, and Thomas A. Wilson, were named as executors in the will, and qualified as such. They have administered the estate and are called upon as trustees to account for all assets belonging to said estate which have come into their hands. From an adverse decree of the circuit court of Jackson county, the terms of which will be stated later, complainants have appealed.

The facts necessary to be stated are as follows: Chester Warriner died at Jackson, Mich., October 7, 1886, leaving a widow, but no children. He died testate. His will is as follows:

"I, Chester Warriner of the city of Jackson and State of Michigan, do hereby make and publish this my last will and testament thereby intending to dispose of all my worldly estate of which I shall be possessed at the time of my demise. I direct that all my just debts including funeral expenses and expenses of administration be paid out of my estate. The residue and remainder of my estate, both real and personal, I devise and bequeath to Eugene J. Weeks, Charles C. Bloomfield, and Thomas A. Wilson, my executors, hereinafter named, in trust for the following purposes:

"*First.* To my wife, Lucy Jane Warriner, during her natural life the net income of my estate and in case such income shall not be sufficient to suitably support her to use

and appropriate sufficient of the principal of my estate for that purpose.

"*Second.* After the death of my wife and the payment of her funeral expenses to convert my remaining estate into money and divide the same between all the children of my brothers and sisters and Eugene J. Weeks then living share and share alike, and in case any of said children shall die leaving issue living at the time of the distribution of my estate such issue shall take the share of their deceased parent.

"I hereby appoint Eugene J. Weeks, Charles C. Bloomfield and Thomas A. Wilson, executors of this my last will and testament and revoke all other wills by me at any time made.

"In witness whereof I have hereto set my hand this first day of July, A. D. 1884.

                                    "CHESTER WARRINER.

"Signed by the testator, Chester Warriner, as and for his last will and testament in the presence of us, who, at his request, in his sight and presence and in the presence of each other, have subscribed our names as attesting witnesses this first day of July, A. D. 1884.

"EUGENE J. WEEKS, Jackson, Mich.
"THOMAS A. WILSON, Jackson, Mich."

The executors made and filed an inventory of the estate, real and personal, and an appraisement of all the property, amounting to $21,155.53. They proceeded under the will to administer the estate. At the time of his death, testator, among other property, owned a one-third interest in the firm of Weeks, Latimer & Co., conducting a drug business, which interest was appraised at $3,383.47. The partner Latimer had a contract with the firm for a term of years, by which he was entitled to manage the business, and, in case of death of a partner, the business was to continue for that period. He continued the business until his death one year later. During this time decedent's interest remained in the business. After Latimer's death, the surviving partner Weeks (one of the executors) continued the business as Weeks & Co., keeping the interest of the estate in the business. A corporation was organ-

ized later, which, in fact, continued this business, and of which a certain amount of stock was issued to the Warriner estate. Afterwards a stock dividend was declared when more stock was issued to the estate. The record contains an extended statement of receipts and disbursements made by the executors during the years of administration of this estate, and a large amount of testimony material to the issue. We do not think that an abstract of these accounts and this testimony would be of benefit to the profession. We find that the contention of complainants that the executors should be charged with what they received at the inventory figures would work an injustice and is not supported by the evidence. They have accounted for the property which came into their hands, and the record shows that they have administered the estate with care and economy. The partner Latimer was entitled to continue the business under his contract, and Weeks, the survivor, was also entitled by law to continue the business, and use his best judgment in winding it up. We do not find that continuing this business has defeated the estate. The allowance to the widow during her lifetime was a reasonable one, and there is no dispute in the record but that it was paid as claimed in the account. From our examination of this account, we are satisfied that the court arrived at the correct amount due the estate and in the hands of the executors, using the books kept by defendants as the basis of such accounting.

We do not agree with the allowance made to defendant Weeks for services. He drew a salary while managing the business. He was a partner, conducting this business, and had the use of this property without interest. It paid its share of all the expenses of the business, and the services of the executors were perfunctory. Such allowance was not warranted by the facts. Whether the circuit court had authority to make it we need not determine in this case.

Our construction of the second paragraph of the will of

Chester Warriner is that the children of Eugene J. Weeks are to share equally with the children of the brothers and sisters of deceased, and on like terms with them. We do not agree with the court that the amount admitted to be in the hands of these defendants is admitted as a matter of grace to this estate and those entitled to it, or that by any proper system of stating this account the estate can be said to be indebted to defendants. Their admissions foreclose any discussion of the matter. Nor do we agree that any heir or person is entitled to a share of this estate because he accepts or rejects the actions of defendants in conducting the business as was done by them. The law determines who is vested with an interest in an estate, and from the facts the courts determine as near as may be the amount of an estate. It is a fact that complainants' solicitor refused to accept the accounting of defendants, although asked to do so by the court. Complainants are entitled to share in this estate according to the terms of the will. The amount to be divided and distributed among these parties in interest is the sum of $10,666.65, with interest at 5 per cent. per annum with annual rests from and after June 30, 1904. This does not include the cemetery lot and improvements thereon.

The decree of the circuit court will be modified in accordance with the foregoing opinion. The costs and solicitor's fees as fixed by the circuit court are affirmed to complainants, together with costs of this court to be taxed.

GRANT, C. J., and BLAIR, MONTGOMERY, and CARPENTER, JJ., concurred.