GASKILL *v.* WEEKS.

MOTIONS—SUPREME COURT PRACTICE—RES ADJUDICATA.

On motion to correct a decree entered in the Supreme Court, *held*, that the questions raised were determined in *Gaskill* v. *Weeks*, 154 Mich. 223.

Bill by Mary H. Gaskill and others against Eugene J. Weeks, Charles C. Bloomfield, and Thomas A. Wilson, executors of the last will and testament of Chester Warriner, deceased, and others, for an accounting, and for a construction of said will: On motion of defendants for a modification of the decree entered. Submitted January 12, 1909. (Calendar No. 22,397.) Motion denied May 26, 1909.

*Wilson & Cobb*, for the motion.

*D. P. Sagendorph*, contra.

PER CURIAM. Motion is made for the reformation and correction of a decree granted in this court upon an appeal by complainants upon two grounds:

(1) On account of a mistake made in computing interest upon certain assets.

(2) On account of mistake made in the date fixed from which interest was computed.

Without determining that these questions may be raised in this manner, we will say, for the purpose of disposing of this case and avoiding further delay, that these matters were considered and determined at the time the case was decided in this court, as appears from the decision. 154 Mich. 223. For the purpose of avoiding further delay, and that a final distribution of the assets of this estate may be had, and to guide the parties and the court below, to which the case was remanded, attention is called to the

purpose of the remand as expressed in the decree. It was to take "such steps as may be necessary for the purpose of distributing the stocks and property which make up the amount hereby decreed to be divided." The court did not contemplate that judicial proceedings would be necessary; but to save expense to the litigants, and to relieve this court from attending to the details of the distribution, the remand was made. We can see no necessity for further delay. The cash on hand may be distributed at once, and a tender by complainants of proper assignments and releases of all their interest in the other assets should entitle them to the balance of their share in the estate as fixed in amount by the decree. Such amounts, and none other, will be taken as the basis of the distribution.

The motion is denied.